RACHEL D. GROSHONG, WSBA No. 47021
rachel.groshong@stoel.com
STOEL RIVES LLP
600 University St., Ste. 3600
Seattle, WA 98101
Telephone:  206.624.0900
Fax:  206.386.7500

STEVEN T. LOVETT (*Pro Hac Vice* forthcoming)
steve.lovett@stoel.com
BRIAN D. BOLLT (*Pro Hac Vice* forthcoming)
brian.bollt@stoel.com
STOEL RIVES LLP
760 SW 9th Ave., Ste. 3000
Portland, OR 97205
Telephone:  503.224.3380
Fax:  503.220.2480

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INTEL CORPORATION,<br><br>         Plaintiff,<br><br>   v.<br><br>JINFENG LUO,<br><br>         Defendant. | Case No.:  2:25-cv-02159<br><br>**COMPLAINT FOR:**<br><br>**(1) VIOLATION OF THE DEFEND TRADE SECRETS ACT, 18 U.S.C. § 1836 *ET SEQ.***<br><br>**(2) VIOLATION OF THE WASHINGTON UNIFORM TRADE SECRETS ACT, RCW 19.108.010, AND**<br><br>**(3) BREACH OF CONTRACT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Intel Corporation ("Intel") alleges against Defendant Jinfeng Luo ("Luo") as follows:

COMPLAINT - 1
Case No.

## I. SUMMARY OF ACTION

1. Luo was an Intel employee from September, 2014 through July 31, 2025. As a condition of his employment, Luo signed an Employment Agreement and was required to abide by Intel's Code of Conduct and Information Security Policies (the "InfoSec Policies").

2. Intel notified Luo on July 7, 2025 that he would no longer be employed with the company effective July 31, 2025.

3. During his Intel tenure, Luo held an engineering position with access to a wide range of Intel confidential information, including information that Intel classified as Top Secret, and projects and initiatives that Intel zealously protected from external disclosure ("Intel Confidential Information").

4. As more fully alleged below, shortly after Luo was notified of his termination, he used a network attached storage ("NAS") device to download nearly 18,000 files from his Intel accounts and laptop, many of which were Intel Top Secret or contained Intel Confidential Information.

5. Luo's data transfer was detected by Intel and triggered an internal investigation.

6. Intel has attempted to contact Luo numerous times regarding the investigation over the course of several months via a variety of means, including by phone, email, and letters, but Luo has refused to respond.

7. Because Luo has refused to even engage with Intel, let alone return the files, provide the NAS device for examination, or otherwise cooperate with Intel's investigation, Intel brings this action to protect its property and its business.

## II. PARTIES

8. Plaintiff Intel Corporation is a Delaware corporation with its principal place of business in Santa Clara County, California.

9. Defendant Luo is an individual residing in Seattle, Washington.

///

COMPLAINT - 2
Case No.

STOEL RIVES LLP
ATTORNEYS
600 University St., Ste. 3600, Seattle, WA 98101
Telephone 206.624.0900

150712020.2 0072577-00058

///

## III. SUBJECT MATTER JURISDICTION, VENUE

10. This Court has subject matter jurisdiction over Intel's federal trade secret claim pursuant to 18 U.S.C. § 1836 *et seq.* and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the state law claims alleged in this Complaint pursuant to 28 U.S.C. § 1367.

11. This district is the proper venue and division under 28 U.S.C. § 1391(b)(1) and (2) because Defendant resides in King County and a substantial part of the events or omissions giving rise to the claim occurred in King County.

## IV. FACTUAL ALLEGATIONS

### Luo's Work at Intel

12. Luo worked as an engineer at Intel from September, 2014 through July 31, 2025.

13. While at Intel, Luo held the position of "EDA Tools Software Engineer."

14. In his work for Intel, Luo had access to highly sensitive Intel Confidential Information about the development of technologies and products, among other things, and had access to and acquired knowledge of Intel trade secrets and other proprietary confidential information.

### Luo Agreed to Protect Intel Confidential Information, to Abide by Intel's Code of Conduct, and to Adhere to Intel's Information Security ("InfoSec") Policies

15. Upon joining Intel, Luo signed an Employment Agreement promising to hold in strict confidence and not disclose or use any Intel Confidential Information, which includes proprietary technical information, critical business information, sensitive personnel information, and any other non-public Intel data and information.

16. By signing the Employment Agreement, Luo agreed to not make any unauthorized copies of Intel Confidential Information.

17. By signing the Employee Agreement, Luo also promised to, at the termination of his employment with Intel or at Intel's request, return to Intel all its Confidential Information.

COMPLAINT - 3
Case No.

STOEL RIVES LLP
ATTORNEYS
600 University St., Ste. 3600, Seattle, WA 98101
Telephone 206.624.0900

150712020.2 0072577-00058

18. By signing the Employment Agreement, Luo agreed that his employment at Intel was contingent on his acceptance and adherence to Intel's policies, procedures, guidelines, rules, and instructions, which include Intel's Code of Conduct and the Policies set by Intel InfoSec.

19. By signing the Employment Agreement, Luo agreed that any breach of the Employment Agreement would cause irreparable harm to Intel and entitle Intel to injunctive relief.

20. Luo was required to abide by Intel's InfoSec Policies, which state in relevant part that "[n]o personally owned device can connect to a company computer using a cable, USB/Firewire/Thunderbolt port, Bluetooth, Infrared or any or any other form of connection for the purpose of copying Intel owned information" and that "[i]nformation must only be stored on Intel managed systems, approved third-party systems, or Intel approved facilities (*e.g.*, approved off-site vendors, business partner, customers)."

21. Luo was also required to abide by Intel's Code of Conduct, which prohibits dishonesty, illegal activity, and misuse or theft of assets. The Code of Conduct requires that employees responding to investigations make good faith efforts to fully cooperate and provide truthful and complete information. The Code of Conduct also requires employees to demonstrate integrity.

22. Luo was required to complete periodic training covering both the Code of Conduct and InfoSec Policy through his eleven years of employment at Intel.

**Luo Downloaded Nearly 18,000 Files From His Intel Account**

23. Intel notified Luo on July 7, 2025 that his employment at Intel was terminated effective July 31, 2025.

24. On July 23, 2025 Luo connected an external hard drive to his Intel laptop. Luo attempted to download a file onto that hard drive but was blocked by Intel's Data Loss Prevention controls.

COMPLAINT - 4
Case No.

25. On July 28, 2025, Luo connected a NAS device to his Intel laptop. Between July 28, 2025 and July 31 2025, Luo downloaded and transferred nearly 18,000 files to the connected NAS device.

26. The nearly 18,000 files that Luo transferred onto his personal NAS device include Intel business information and Intel Confidential Information, including files labeled as "Intel Top Secret."

27. Luo's data transfers were detected by Intel and triggered an investigation.

### Luo Refuses to Cooperate with Intel's Investigation

28. Following its discovery of Luo's data transfers, Intel attempted to contact Luo regarding the resulting investigation over the course of two months. Luo ignored every communication.

29. On August 5 and 6, 2025, an investigator from InfoSec sent a notice of investigation via email to Luo's personal Yahoo and Google accounts. Luo did not respond.

30. On August 7, 2025, the InfoSec investigator called Luo using the phone number Intel had on file and left a voicemail regarding the investigation. Luo did not respond.

31. On August 12, 2025, the InfoSec investigator sent a follow-up email to each of Luo's personal email accounts and left another voicemail on Luo's phone. Luo did not respond.

32. On August 14, 2025, Intel Human Resources called Luo's emergency contact and spoke with two individuals that identified themselves as Luo's mother and sister. Luo's sister provided Intel with Luo's new phone number. The InfoSec investigator then called the phone number provided and left yet another voicemail. Luo did not respond.

33. On August 21, 2025, the InfoSec investigator sent yet another email to Luo's personal addresses informing Luo that due to his lack of cooperation, InfoSec would escalate this matter to Intel's Legal department. Again, Luo did not respond.

34. On August 29, 2025, Intel's outside counsel emailed Luo a letter reminding him of his obligations under the Employment Agreement and requesting that Luo respond to Intel by

COMPLAINT - 5
Case No.

STOEL RIVES LLP
ATTORNEYS
600 University St., Ste. 3600, Seattle, WA 98101
Telephone 206.624.0900

150712020.2 0072577-00058

September 3, 2025 so the parties could move forward with the investigation. September 3, 2025 came and went without any response from Luo.

35. On September 8, 2025, Intel's outside counsel mailed a second letter to Luo's personal residence in Seattle via UPS Overnight and received photo confirmation that the letter was delivered. In that letter, Intel warned of possible escalation should Luo continue to ignore Intel's demands. To this day, Luo has not responded.

36. On October 6, 2025, the investigator from InfoSec left a voicemail at Luo's emergency contact. There was no reply from either Luo or the emergency contact.

37. On October 7, 2025, the investigator from InfoSec called the emergency contact again. This time, the emergency contact answered. The investigator asked repeatedly to speak to Luo, but the individual who answered the phone claimed not to speak English despite a prior conversation with Intel Human Resources on August 14, 2025 in which that same person was able to pass the phone to Luo's sister.

38. On October 8, 2025, the InfoSec investigator tried once again to call Luo using both his old and updated phone numbers. Once again, both calls went to voicemail and the investigator left a message.

39. On October 15, 2025, Intel's outside counsel sent a third letter to Luo via email and UPS overnight, delivery of which was confirmed by photo. The third letter warned that due to Luo's "continued disregard for Intel's rights and your contractual obligation, Intel is preparing to sue you for trade secret misappropriation and breach of contract." The letter included a draft complaint and a response deadline of October 22, 2025. Luo did not respond.

40. On October 23, 2025, Intel's InfoSec investigator found two additional addresses which Intel believes may be connected to Luo. One address is in Mountlake Terrace, Washington and the other is in Portland, Oregon. On October 23, 2025, Intel's outside counsel sent a copy of the third letter and the same draft complaint that was sent to him on October 15 to both addresses. This time, Luo was given a deadline of October 28, 2025. Luo did not respond.

COMPLAINT - 6
Case No.

STOEL RIVES LLP
ATTORNEYS
600 University St., Ste. 3600, Seattle, WA 98101
Telephone 206.624.0900

150712020.2 0072577-00058

41. Luo possesses sensitive Intel Confidential Information, including Intel Top Secret Information. Luo is not authorized to possess these materials. Given the sensitivity of these files, and Luo's complete lack of communication, Luo's actions are egregious examples of misconduct and willful misappropriation.

42. By downloading and transferring Intel Confidential Information, including Intel Top Secret Information, files from the Intel system to his personal NAS device, and subsequently refusing to respond to Intel's investigation, let alone cooperate in that investigation, Luo has violated Intel's Code of Conduct and the InfoSec Policies, as well as his Employment Agreement with Intel.

43. Despite Intel's diligent attempts to remedy and mitigate the harmful effects of Luo's conduct, including the misappropriation of Intel trade secrets, Luo has ignored repeated emails, phone calls, and physical letters from both Intel and outside counsel over the course of three months. Luo's continued silence demonstrates that he has no intention of cooperating with Intel in any capacity despite his contractual obligation to do so.

44. Intel seeks the help of this Court to ensure protection of Intel Confidential Information and trade secrets.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

**(Violation of Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq*.)**

45. Intel alleges and incorporates by reference each of the allegations contained in paragraphs 1 through 44 above.

46. Luo violated the federal Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.*, by misappropriating at least the following Intel Confidential Information, including trade secrets:

   a. highly technical product, process, and production information;

   b. product design specifications, validations, and schematics;

COMPLAINT - 7
Case No.

STOEL RIVES LLP
ATTORNEYS
600 University St., Ste. 3600, Seattle, WA 98101
Telephone 206.624.0900

150712020.2 0072577-00058

      c.  product testing information, including performance analyses, product development initiatives, roadmaps, and strategic plans.

47. The Intel Confidential Information, including trade secrets, relates to technology products used, sold, shipped and/or ordered in, or intended to be used, sold, shipped and/or ordered in, interstate or foreign commerce.

48. The Intel Confidential Information, including trade secrets, is not generally known to the public or generally known in the industry, and their value is derived from the fact that they are kept secret.

49. Some of the Intel Confidential Information, including trade secrets, are a compilation of information that in the aggregate constitute a protectable trade secret.

50. Intel spent considerable time and energy compiling the Intel Confidential Information, including trade secrets.

51. The Intel Confidential Information, including trade secrets, is the subject of efforts that are reasonable under the circumstances to maintain their secrecy. These efforts include but are not limited to: (a) password protection to access Intel's systems containing the Intel Confidential Information, including trade secrets; and (b) requiring incoming employees to sign Employment Agreements, in which they promise to hold in strict confidence, and not disclose or use, any Intel trade secrets outside of their employment with Intel.

52. Luo was under a duty to keep the Intel Confidential Information, including trade secrets, confidential and to not disclose them other than for the benefit of Intel.

53. In July 2025, Luo downloaded and transferred to his personal NAS device Intel Confidential Information, including trade secrets, after receiving his notice of termination and before his final day at Intel. Upon information and belief, Luo then transferred the Intel Confidential Information, including trade secrets, to at least one other personal device such as a personal computer or other external device.

COMPLAINT - 8
Case No.

STOEL RIVES LLP
ATTORNEYS
600 University St., Ste. 3600, Seattle, WA 98101
Telephone 206.624.0900

150712020.2 0072577-00058

54. Luo's actions are contrary to the commitments Luo made in his Intel Employment Agreement as well as the Code of Conduct and the InfoSec Policies with which he agreed to abide.

55. Upon information and belief, Luo has used and will use the Intel Confidential Information, including trade secrets, outside Intel in violation of his duty to Intel to keep that information confidential.

56. Luo has ignored each of Intel's many attempts to contact him regarding his wrongful conduct and in doing so has demonstrated willful and malicious intent as well as a disregard for Intel's intellectual property rights.

57. Luo's wrongful conduct in misappropriating the Intel Confidential Information, including trade secrets, has caused and will cause Intel great and irreparable harm. Intel has no adequate remedy at law for the harm being suffered.

58. As a direct and proximate result of Luo's conduct, Intel has suffered damages in an amount to be determined at trial.

59. Luo willfully and maliciously misappropriated the Intel Confidential Information, including trade secrets, with the deliberate attempt to injure Intel's business, thereby entitling Intel to an award of exemplary damages and/or attorneys' fees pursuant to 18 U.S.C. § 1836(b)(3)(C) and (D).

## SECOND CAUSE OF ACTION

**(Violation of Washington Uniform Trade Secrets Act, RCW 19.108.010 *et seq*.)**

60. Intel alleges and incorporates by reference each of the allegations contained in paragraphs 1 through 59 above.

61. At all relevant times, Intel owned and possessed certain confidential, proprietary and trade secret information as defined by RCW 19.108.010(4).

62. Luo violated the Washington Uniform Trade Secrets Act by misappropriating at least the following Intel Confidential Information, including trade secrets:

COMPLAINT - 9
Case No.

STOEL RIVES LLP
ATTORNEYS
600 University St., Ste. 3600, Seattle, WA 98101
Telephone 206.624.0900

150712020.2 0072577-00058

       a.    highly technical product, process, and production information;

       b.    product design specifications, validations, and schematics;

       c.    product testing information, including performance analyses, product development initiatives, roadmaps, and strategic plans.

63. The Intel Confidential Information, including trade secrets, is not generally known to the public or generally known in the industry, and their value is derived from the fact that they are kept secret.

64. Some of the Intel Confidential Information, including trade secrets, are a compilation of information that standing alone might not be a trade secret but, in the aggregate, constitute a protectable trade secret.

65. Intel spent considerable time and energy compiling the Intel Confidential Information, including trade secrets.

66. The Intel Confidential Information, including trade secrets, is the subject of efforts that are reasonable under the circumstances to maintain their secrecy. These efforts include, but are not limited to: (a) password protection to access Intel's systems containing the Intel Confidential Information, including trade secrets; and (b) requiring incoming employees to sign Employment Agreements, in which they promise to hold in strict confidence, and not disclose or use, any Intel trade secrets outside of their employment with Intel.

67. Luo was under a duty to keep the Intel Confidential Information, including trade secrets, confidential and to not disclose them other than for the benefit of Intel.

68. In July 2025, Luo downloaded and transferred to his personal NAS device Intel Confidential Information, including trade secrets, in between receiving his notice of termination and his final day at Intel. Upon information and belief, Luo then transferred the Intel Confidential Information, including trade secrets, onto at least one other personal device such as a personal computer or other external device.

COMPLAINT - 10
Case No.

STOEL RIVES LLP
ATTORNEYS
600 University St., Ste. 3600, Seattle, WA 98101
Telephone 206.624.0900

150712020.2 0072577-00058

69. Luo's actions are contrary to the commitments Luo made in his Intel Employment Agreement as well as the Code of Conduct and the InfoSec Policies with which he agreed to abide.

70. Upon information and belief, Luo has used and will use the Intel Confidential Information, including trade secrets, outside Intel in violation of his duty to Intel to keep that information confidential.

71. Luo has ignored each of Intel's many attempts to contact Luo regarding his wrongful conduct and in doing so has demonstrated willful and malicious intent as well as a disregard for Intel's intellectual property rights.

72. Luo's wrongful conduct in misappropriating the Intel Confidential Information, including trade secrets, has caused and will cause Intel great and irreparable harm. Intel has no adequate remedy at law for the harm being suffered.

73. As a direct and proximate result of Luo's conduct, Intel has suffered damages in an amount to be determined at trial.

74. Luo willfully and maliciously misappropriated the Intel Confidential Information, including trade secrets, with the deliberate attempt to injure Intel's business, thereby entitling Intel to an award of exemplary damages and/or attorneys' fees pursuant to RCW §§ 19.108.030 and 19.108.040.

## THIRD CAUSE OF ACTION

**(Breach of Contract – Confidentiality Provisions in Agreements)**

75. Intel alleges and incorporates by reference each of the allegations contained in paragraphs 1 through 74 above.

76. Intel and Luo entered into a valid and enforceable contract, the Employment Agreement.

77. In the Employment Agreement, Luo agreed not to make unauthorized copies of Intel Confidential Information.

COMPLAINT - 11
Case No.

STOEL RIVES LLP
ATTORNEYS
600 University St., Ste. 3600, Seattle, WA 98101
Telephone 206.624.0900

150712020.2 0072577-00058

78. In the Employment Agreement, Luo promised to return to Intel all of its Intel Confidential Information upon Intel's request.

79. In the Employment Agreement, Luo agreed that his employment at Intel was contingent on his acceptance of and adherence to Intel's policies, procedures, guidelines, rules, and instructions, which include Intel's Code of Conduct and the InfoSec Policies.

80. At all times, Intel complied with its obligations under the Employment Agreement.

81. Luo was subject to Intel's Code of Conduct, which prohibits dishonesty, illegal activity, and misuse and theft of assets. The Code of Conduct requires that, when responding to investigations, all employees must make good faith efforts to cooperate fully and provide truthful and complete information. The Code of Conduct also requires employees to demonstrate integrity.

82. Luo was also subject to Intel's InfoSec Policies, which state, in relevant part, that "[n]o personally owned device can connect to a company computer using a cable, USB/Firewire/Thunderbolt port, Bluetooth, Infrared or any or any other form of connection for the purpose of copying Intel owned information" and that "[i]nformation must only be stored on Intel managed systems, approved third-party systems, or Intel approved facilities (*e.g.*, approved off-site vendors, business partner, customers)."

83. Luo breached the Employment Agreement, the Code of Conduct, and the InfoSec Policies by downloading and transferring Intel Confidential Information to his personal NAS device and taking that information outside of Intel.

84. Luo further breached the Employment Agreement, the Code of Conduct, and the InfoSec Policies by ignoring all of Intel's many attempts to contact Luo regarding his wrongful conduct, thereby refusing to cooperate with Intel's investigation despite his obligation to do so.

85. Luo's breaches have directly, substantially, and irreparably harmed Intel.

COMPLAINT - 12
Case No.

86. Intel has no adequate remedy at law for Luo's breach of his Employment Agreement. Unless restrained, Luo's use of Intel Confidential Information will cause Intel serious and irreparable harm, both during the pendency of this action and thereafter.

87. As a direct and proximate result of Luo's conduct, Intel has suffered damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Intel prays for judgment against Luo as follows:

1. For a preliminary and a permanent injunction enjoining Luo from the following:

    (a) Obtaining, accessing, using, retaining, transmitting, copying, or disclosing any Intel Confidential Information; and

    (b) Deleting, destroying, altering, or erasing any evidence related to this action during the pendency of this action, including but not limited to any hard or electronic copies of any information, documents, or data Luo copied, accessed, or took from Intel.

2. For an order directing Luo to account for and return to Intel all Intel Confidential Information;

3. For an order directing Luo to temporarily surrender his personal devices to Intel for the purpose of inspection and removal of any Intel files that may remain;

4. For compensatory damages, lost profits, unjust enrichment, and restitution in an amount of at least $250,000 or an amount to be proven at trial;

5. For exemplary damages of twice the amount awarded as general damages for the first cause of action for misappropriation of trade secrets;

6. For Intel's attorneys' fees in accordance with 18 U.S.C. § 1836(b)(3)(D) and RCW 19.108.040;

7. For pre- and post-judgment interest and costs of suit incurred herein; and

8. For any other and further relief that the Court may deem just and proper.

///

COMPLAINT - 13
Case No.

## DEMAND FOR JURY TRIAL

Intel hereby demands a jury trial for all claims for which a jury trial is available.

DATED: October 31, 2025

STOEL RIVES LLP

*[signature: Rachel Groshong]*

RACHEL D. GROSHONG, WSBA No. 47021
rachel.groshong@stoel.com
STEVEN T. LOVETT (*Pro Hac Vice* forthcoming)
steve.lovett@stoel.com
BRIAN D. BOLLT (*Pro Hac Vice* forthcoming)
brian.bollt@stoel.com

*Attorneys for Plaintiff*

COMPLAINT - 14
Case No.