UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

INTEL CORPORATION,

          Plaintiff(s),

   v.

JINFENG LUO,

          Defendant(s).

CASE NO. C25-2159-KKE

ORDER DENYING DEFENDANT'S
MOTION TO DISMISS

In October 2025, Intel Corporation filed this action against Jinfeng Luo, a former Intel software engineer, alleging that Luo transferred confidential files to his personal device, thereby misappropriating trade secrets, deliberately injuring Intel's business, and breaching Luo's employment agreement. Dkt. No. 1. Over the course of two months, Intel attempted to serve Luo with process at two different addresses in Washington state, but no response was received from anyone located at either property. Dkt. Nos. 8, 9.

Luo appeared in this action in March 2026 and filed a motion to dismiss for insufficient service of process and lack of personal jurisdiction. Dkt. Nos. 15, 16. The Court is not persuaded that service of process was insufficient and thus finds that it has personal jurisdiction over Luo. Accordingly, the Court will deny Luo's motion to dismiss.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS - 1

## I.  BACKGROUND

Intel employed Luo as a software engineer from September 2014 through July 31, 2025. Dkt. No. 1 ¶¶ 12–13.  As a condition of his employment, Luo signed an Employment Agreement accepting Intel's Code of Conduct and Information Security Policies ("InfoSec Policies").  *Id.* ¶ 1. In the course of his employment, Luo had access to Intel "confidential information," including information classified as "Top Secret." *Id.* ¶ 3.

On July 7, 2025, Intel notified Luo that his employment would end on July 31, 2025.  Dkt. No. 1 ¶ 23.  Three days before his employment ended, Luo used a personal storage device to download and transfer approximately 18,000 files from his Intel computer to his personal device. *Id.* ¶ 25.  The transferred files contained Intel business, confidential, and "Top Secret" information. *Id.* ¶ 26.  Intel detected the data transfer and began an investigation.  *Id.* ¶ 27.  Intel, through InfoSec investigators, Human Resources, and outside counsel, attempted to contact Luo via email and phone.  *Id.* ¶¶ 28–34.  After receiving no response, Human Resources called Luo's emergency contact, who provided Luo's new phone number.  *Id.* ¶ 32.  Intel did not receive a response from the new phone number.  *Id.*

On October 15, 2025, outside counsel informed Luo via email and physical letter that Intel's investigation could escalate to a lawsuit if Luo did not respond.  Dkt. No. 1 ¶ 39.  After receiving no response, Intel filed this action, bringing three causes of action against Luo: violations of the federal Defend Trade Secrets Act, violations of the Washington Uniform Trade Secrets Act, and breach of contract.  Dkt. No. 1 ¶¶ 45–87.

Between October 31 and December 5, 2025, Intel attempted to personally serve Luo at two properties in Washington state.  Dkt. No. 9 ¶¶ 2–3.  Process servers confirmed that Luo owned the two properties, located in Seattle and Mountlake Terrace.  *Id.* at 9.  A neighbor confirmed that Luo resides at the Mountlake Terrace property.  *Id.* at 8.  Due to its repeated failed service attempts,

Intel filed a motion for alternative service of process for leave to permit service on Luo by email and mail.  Dkt. No. 8.  The Court granted the motion, finding "service by mail or email is just as likely to provide actual notice to Luo."  Dkt. No. 10 at 1.  Accordingly, Intel served Luo via mail to both last known addresses and via two personal email addresses.  Dkt. No. 12 ¶ 2.

On March 17, 2026, Luo appeared in this action and filed the pending motion to dismiss for insufficient service of process, which is now ripe for resolution.  Dkt. No. 15.

## II.  ANALYSIS

Luo moved to dismiss under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process, suggesting that because he was improperly served the Court lacks personal jurisdiction over him.  Dkt. Nos. 15, 17.

A federal court has personal jurisdiction over a defendant only if the defendant has been served in compliance with Rule 4.  *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982).  Once service is challenged, plaintiff bears the burden of establishing the validity of service.  *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).  A plaintiff generally meets the prima facie burden by providing a process server's affidavit of service.  *S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1163 (9th Cir. 2007) (citing *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993)).  The method of service is sufficient so long as it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016–17 (9th Cir. 2002) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).  Unless some defect in service is shown on the face of the returned affidavit, the burden shifts to the defendant to produce "affidavits, discovery materials, or other admissible evidence establishing the lack of proper service."  *Emine Tech. Co. v. Aten Int'l Co.*, No. C08-3122 PJH, 2008 WL 5000526, at *2 (N.D. Cal. Nov. 21, 2008).  Thus, a signed return of

ORDER DENYING DEFENDANT'S MOTION TO DISMISS - 3

service can be overcome only by "strong and convincing evidence." *Internet Sols. For Bus.,* 509 F.3d at 1163.

Here, Intel has met its burden to establish the validity of service. Consistent with this Court's order, Intel served Luo by mail and email and filed an affidavit of service. Dkt. No. 12. The Court-ordered method of service, email and mailing to a defendant's last known address, are Ninth Circuit-approved service methods found to be sufficient to give a defendant notice of a lawsuit. *See Rio Props.,* 284 F.3d at 1016; *Fed. Trade Comm'n v. Cottelli*, 854 F. App'x 837, 839 (9th Cir. 2021).

Because Intel has met its initial burden, the burden now shifts to Luo to produce admissible evidence establishing the lack of proper service by strong and convincing evidence. *Internet Sols. For Bus.*, 509 F.3d at 1163. Luo has not done so: his declaration does not identify any basis for his belief that he was not properly served. Dkt. No. 17. Accordingly, the Court will deny Luo's motion to dismiss.

### III.    CONCLUSION

The Court DENIES Defendant's motion to dismiss for insufficient service of process. Dkt. No. 15. The courtroom deputy is directed to issue an order setting early case deadlines.

Dated this 30th day of June, 2026.

Kymberly K. Evanson
United States District Judge

ORDER DENYING DEFENDANT'S MOTION TO DISMISS - 4